## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KIM GUNTER**, <br><br> *Plaintiff,* <br><br> v. <br><br> **DREXEL UNIVERSITY**, <br><br> *Defendant.* | **Case No. 2:24-cv-01443-JDW** |

### MEMORANDUM

Lawyers are busy people. It's an inescapable part of the profession. But that doesn't excuse them from complying with deadlines, both personal and professional. Personally, if a busy lawyer misses a credit card due date, she will have to pay interest and fees. If she misses a tax filing deadline (for herself or a client), the result is interest and penalties. And missing a filing deadline can doom a claim because a statute of limitations or jurisdictional limit can pass. Being busy doesn't excuse those things, nor does it negate their consequences.

The same thing is true in litigation more generally. Deadlines apply, even to busy lawyers, and the people who drafted the Federal Rules of Civil Procedure are lawyers who know this. If the drafters thought that being busy was an excuse for missing deadlines, then they could have said so—but they didn't. Instead, they use words like "good cause" and "excusable neglect." In this case, Plaintiff's Counsel has not demonstrated either,

much less the extraordinary circumstances that would warrant relief under Rule 60(b)(6). As such, I will not revisit my decision to dismiss this case—without prejudice—for her failure to serve Drexel University.

## I.    FACTUAL BACKGROUND

On April 8, 2024, Kim Gunter filed this action asserting disability discrimination against Drexel and marked it related to another case in which she is pursuing different employment discrimination claims against Drexel, *Gunter v. Drexel University*, No. 2:23-cv-02451-JDW (E.D. Pa) ("*Gunter I*").  As of June 18, 2024, Ms. Gunter had not filed a proof of service. I therefore issued an Order, directing that she needed to serve Drexel by July 8, 2024, pursuant to Federal Rule of Civil Procedure 4(m). In that same Order, I warned Ms. Gunter that if she failed to file proof of service by that deadline without demonstrating good cause for her failure, then I would dismiss the case without prejudice. Ms. Gunter filed an Amended Complaint on June 24, 2024. But she never made service on Drexel.[1] Accordingly, she never filed proof of service on the docket. Therefore, on July 11, 2024, I issued an Order dismissing her Amended Complaint without prejudice for failure to effect service. Shortly thereafter, Ms. Gunter filed this motion, seeking relief from that Order.

---

[1]    In her supporting brief, Ms. Gunter represents that she "intends to serve a waiver of service of summons to effectuate process" and asks for an additional 10 days to do so. (ECF No. 9 at 3.)

2

## II.     LEGAL STANDARD

The Federal Rules of Civil Procedure empower district courts to "relieve a party or its legal representative from a final judgment, order, or proceeding" for a variety of enumerated reasons. Fed. R. Civ. P. 60(b). None of the specific reasons applies in this case, but there is a catchall provision that permits a court to grant relief from a final judgment for "any other reason that justifies relief" other than those listed. Fed. R. Civ. P. 60(b)(6). "[C]ourts are to dispense their broad powers under 60(b)(6) only in 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.'" *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014) (quotation omitted).

## III.    DISCUSSION

Lawyers are responsible for being aware of the applicable rules and deadlines that apply to litigants in federal court, including the deadline to serve original process. Though it is not a judge's job to flag upcoming deadlines for the Parties, I extended a reminder to Ms. Gunter that she needed to make service on Drexel by July 8, 2024, and I warned her that I would dismiss her case if she failed to do so without good cause. Despite all of this, Ms. Gunter "missed the deadline." (ECF No. 9 at 1.) Her attorney cites her busy calendar as "a sole practitioner with an active multi-county family law practice" and *Gunter I* as reasons for missing the deadline. (*Id.* at 2.) But that excuse falls well short of the heavy burden necessary for relief under Rule 60(b)(6).

The fact that Ms. Gunter's counsel has overlapping obligations in other cases is not the sort of "extraordinary circumstances" that warrant relief from a judgment. It's just life. Attorneys are accountable for the various representations they take on, including how the size of one's caseload may impact other matters. *See, e.g.*, *Nelatury v. The Pennsylvania State University, et al.*, No. 1:21-cv-00279-DMF, ECF No. 130 (W.D. Pa. July 11, 2024) (sanctioning plaintiff's counsel for dilatory conduct throughout the litigation due, in part, on counsel's decision to handle several other matters at the same time). If courts were to grant relief every time attorneys found themselves facing competing deadlines, then the catchall provision would swallow the entire rule—and extraordinary relief would become commonplace. If Ms. Gunter's lawyer needed additional time to effect service, both the Federal Rules of Civil Procedure and my individual Policies and Procedures provide mechanisms for her to request an extension. She failed to make use of either.

This doesn't change because Ms. Gunter's lawyer is a solo practitioner. Solo practitioners have to make arrangements to manage their workload, just like other lawyers. By electing to practice alone, they get some benefits, but they give up the protection of having multiple sets of people keeping track of deadlines. Still, they don't get special dispensation because they practice alone. And lawyers at bigger firms presumably take on more cases because they have more resources, so they have even more deadlines to track.

Even if Ms. Gunter's lawyer's busy schedule in June and July was a valid excuse—which it isn't—that doesn't explain why she failed to make service on Drexel earlier—in April or May. Nor does it explain why she didn't make service a priority after I issued an Order warning her about the consequences of failing to effect service. To the extent her failure to do so was the result of a strategic decision, it does not amount to extraordinary circumstances. *See Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008). I am also skeptical of her claim, in general, because all she needed do was send a waiver of service to Drexel's attorneys—whom she is in frequent contact with in *Gunter I*—or send the materials to a process server, neither of which should take more than 30 minutes.

Finally, while Ms. Gunter argues that Drexel will not be "unduly harmed or prejudiced by a short extension of time (10 days)" for her to make service, that is not the relevant inquiry. Instead, to warrant relief under Rule 60(b)(6), Ms. Gunter has to demonstrate that without such relief, "an extreme and unexpected hardship would occur." *Cox*, 757 F.3d at 120. She has not made that showing, or come close to making it, so I will deny her motion.

## IV.    CONCLUSION

Being busy isn't an excuse to ignore the rules. Ms. Gunter can't get relief from my Order dismissing her case based upon the unremarkable fact that her attorney is busy. As such, I will deny her motion. An appropriate Order follows.

**BY THE COURT:**

/s/ Joshua D. Wolson
JOSHUA D. WOLSON, J.

July 12, 2024